**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2228
_____

JEAN ELIZABETH COULTER; BARBARA ELLEN COULTER, (VALVANO)

v.

JAMES PURVIS COULTER; GERRI PAULISICK; JOSEPH PAULISICK;
WILLETTE CONSTRUCTION; JOHN DOE #1; JOHN DOE #2;
JOHN DOE #3; JOHN DOE #4; UNKNOWN SURVEYOR


Jean Elizabeth Coulter,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00861)
District Judge:  Honorable Christy C. Wiegand

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on February 9, 2023

Before:  SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Filed: February 10, 2023)
_____

OPINION<sup>*</sup>
_____

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Jean Coulter appeals pro se from the order of the District Court dismissing her case for lack of subject matter jurisdiction. For the reasons that follow, we will affirm.

**I.**

In July 2021, Coulter initiated a civil action against multiple defendants asserting state-law causes of action stemming from a dispute over real property jointly owned by Coulter and located in Butler, Pennsylvania. Coulter asserted that she was a citizen of New Jersey and invoked diversity of citizenship as a basis for jurisdiction. See 28 U.S.C. § 1332(a). Coulter provided no additional information to support her assertion of New Jersey citizenship, and her filings provided a contact address in Pennsylvania. Defendants filed motions to dismiss, challenging Coulter's assertion of New Jersey citizenship, and arguing that the court lacked subject matter jurisdiction. Defendants asserted, inter alia, that Coulter's claim to be a resident of New Jersey was "belied by the fact that she alleges that her mailing address is either in Philadelphia, Pennsylvania or Butler, Pennsylvania," and noted that her "state of residence has been a matter of concern for Federal Courts in several prior cases," and that Coulter had often filed court documents in other matters identifying her address as being in Butler, Pennsylvania. D.Ct. ECF No. 29 at 6-7 (listing numerous prior cases).

After Coulter responded, the Magistrate Judge recommended dismissing the case for lack of jurisdiction and Coulter filed objections. See D.Ct. ECF Nos. 51, 52. The District Court concluded that Coulter had "not met her burden of persuasion as the

2

proponent of federal subject-matter jurisdiction or provided sufficient facts to establish citizenship in **any** state," D.Ct. ECF No. 55 at 8 (emphasis in original), and dismissed the case for lack of subject matter jurisdiction. Coulter moved for reconsideration, and the District Court denied that motion. This timely appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a dismissal for lack of subject matter jurisdiction is plenary. See Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008). However, we review for clear error any factual determinations underlying a district court's determination of diversity jurisdiction. See Id.; see also McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006). Under the clear error standard, "our sole function is to review the record to determine whether the findings of the District Court were clearly erroneous, i.e., whether we are 'left with a definite and firm conviction that a mistake has been committed.'" Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972) (quoting Speyer, Inc. v. Humble Oi & Ref. Co., 403 F.2d 766, 770 (3d Cir. 1968)).

The District Court correctly concluded that Coulter failed to establish diversity of citizenship for purposes of securing jurisdiction under 28 U.S.C. § 1332(a). Diversity is determined as of the time the complaint is filed, see Frett-Smith, 51 F.3d at 399 n.4 (citations omitted), and the party asserting diversity jurisdiction bears the burden of proof, see McCann, 458 F.3d at 286 (listing the factors relevant to determining domicile). A party "meets this burden by proving diversity of citizenship by a preponderance of the evidence." Id. As this Court has previously advised Coulter, she "must in each case

3

allege and ultimately establish, inter alia, her 'physical presence in a state with an intent to remain there indefinitely.'" Coulter v. Tatananni, 737 F. App'x 613, 616 n.6 (2018) (citing Frett-Smith, 511 F.3d at 401) (emphasis in original).

Here, while the District Court recited Coulter's prior litigation and the various findings regarding her citizenship, it focused on Coulter's assertions and filings in support of diversity jurisdiction at the time the complaint was filed, including Coulter's affidavit, see D.Ct. ECF No. 26, as well as her objections to the Magistrate Judge's Report and Recommendation, see D.Ct. ECF No. 52.[1]  After a review of the record, we cannot say that the District Court's factual determinations as to Coulter's domicile were clearly erroneous.  The District Court considered Coulter's ties to New Jersey as asserted in her affidavit, as well as her "inconsistencies as to whether her domicile is Illinois[2] or New Jersey; her admissions to having been away from New Jersey since at least early 2020 and having no place to return in New Jersey, … her consistent use of her Butler, Pennsylvania address and/or her Philadelphia P.O. Box in both prior and current lawsuits

---

[1] Coulter asserts on appeal that the District Court erred because it "chose, sua sponte, to take 'judicial notice' in order to utilize the record an unrelated matter as the exclusive basis for the determination that Coulter's case could be dismissed."  3d Cir. ECF No. 9 at 6.  However, as discussed, the Court's determination of diversity jurisdiction was based upon the facts presented by Coulter in her affidavit and in her objections to the Report and Recommendation.  Her assertions regarding judicial notice and the lack of an opportunity to be heard are meritless.

[2] Indeed, in her filings before this Court, Coulter asserts that she is "a Citizen of Illinois (or more recently, New Jersey)," 3d Cir. ECF No. 9 at 5, and that she "never actually claims to be a Citizen of New Jersey … [and] might still be considered to be Domiciled in Illinois" (emphasis added), Id. at 13.

4

in this District; and her limited ties to New Jersey," and concluded that Coulter failed to meet "her burden of persuasion as the proponent of federal subject-matter jurisdiction or provide[] sufficient facts to establish citizenship in **any** state." D.Ct. ECF No. 55 at 7-8 (emphasis in original).

We are not "left with a definite and firm conviction that a mistake has been committed" by the District Court in concluding that it lacked subject matter jurisdiction based on diversity of citizenship. Krasnov, 465 F.2d at 1302 (internal quotations and citations omitted).[3] Accordingly, we will affirm the judgment of the District Court.

---

[3] Nor did the District Court err in failing to hold an evidentiary hearing on the issue of diversity jurisdiction. While Coulter asserts that she made a "clear and timely request for an evidentiary hearing," 3d Cir. ECF No. 9 at 7, her claim is belied by the record. Coulter made no such "clear request." Rather, Coulter invited the District Court to hold such a hearing "[if] it would help." D.Ct. ECF No. 26 at 2 (emphasis added). Where a defendant "contests any of the jurisdictional allegations as pled by the plaintiff, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence." McCann, 458 F.3d at 290. When a dispute of material fact exists, "the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." Id. Coulter was given ample opportunity to respond to Defendants' challenge to diversity jurisdiction, and the District Court clearly considered and weighed her submissions in support. Beyond her disagreement with the District Court's ultimate conclusion that subject matter jurisdiction was lacking, Coulter has failed to allege any specific material facts that were in dispute such that an evidentiary hearing was necessary. Accordingly, the District Court did not err by failing to hold an evidentiary hearing. To the extent that Coulter asserts additional allegations of error on appeal, they are meritless.